**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| JANE D. W. DOE,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N10C-08-178 EMD |
| | ) | |
| TANYA D. GIDDINGS, Administrator of | ) | |
| the Estate of JOSHUA GIDDINGS and the | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted:  January 28, 2015
Decided:  April 8, 2015

Upon Motion for Summary Judgment by Defendant Tanya D. Giddings, Administrator of the
Estate of Joshua Giddings

***GRANTED***

Edmund Lyons, Esquire, The Lyons Law Firm, Dover, Delaware, *Attorney for Plaintiff Jane D. W. Doe.*

Ronald D. Smith, Hudson, Jones, Jaywork & Fisher, LLC, Wilmington, Delaware, *Attorney for Defendant Tanya D. Giddings, Administrator of the Estate of Joshua Giddings.*

**DAVIS, J.**

### INTRODUCTION

This is a civil action for damages. Through this action, Plaintiff Jane D.W. Doe seeks

entry of a judgment for special, general and punitive damages against Defendant Tanya D.

Giddings, as administrator of the estate of Joshua Giddings, and Defendant State of Delaware

(the "State").

---

[1] On March 19, 2015, counsel for Plaintiff Jane D.W. Doe filed a Suggestion of Death with the Court. According to the Suggestion of Death, Jane Doe died on January 28, 2015. Until such time as the Court is advised that an administrator has been appointed, the Court will continue to refer to Jane D.W. Doe, and not her estate, as the plaintiff.

This action arises out of the March 19, 2009 arrest of Ms. Doe by Joshua Giddings. At the time of Ms. Doe's arrest, Mr. Giddings was a Delaware State Trooper. Ms. Doe alleges that on that date, after being arrested on a misdemeanor charge, Trooper Giddings coerced her into performing oral sex on him in exchange for her release. Ms. Doe has filed this suit against the State based on a theory of *respondeat superior* for Trooper Giddings' purported intentional, reckless and malicious tortious conduct.

On or about July 28, 2014, Ms. Giddings filed the Motion to Dismiss Defendant Tanya D. Giddings (the "Motion").[2] Ms. Giddings supplemented the Motion on September 3, 2014, and represented that the Motion sought relief under Rule 56 of the Superior Court Rules of Civil Procedure. Ms. Doe responded to the Motion on September 18, 2014. The Court held a hearing on the Motion on January 28, 2015 and took the matter under advisement. For the reasons stated in this Opinion, the Motion is **GRANTED.**

### PROCEDURAL BACKGROUND

On August 18, 2010, Ms. Doe filed a complaint against Ms. Giddings, as the representative of the Giddings Estate, and the State. Ms. Giddings was served on January 14, 2011. Ms. Giddings filed her answer April 21, 2011. The answer did not assert, or otherwise raise, any defenses based on the statutes of limitations or repose.

Through the Motion, Ms. Giddings contends that Ms. Doe's claims are barred by 12 Del. Code § 2102(a) ("Section 2102(a)"), which requires that all claims against an estate (here, the Giddings Estate) be presented to the administrator within eight months of the decedent's death.[3]

---

[2] In this Opinion, the Court will refer to Defendant Tonya D. Giddings, administrator of the estate of Joshua Giddings, as Ms. Giddings. The Court understands that Ms. Giddings is not acting as an individual here but, rather, in her capacity as the legal representative of the estate of Joshua Giddings (the "Giddings Estate").

[3] 12 *Del. C.* § 2102(a). Section 2102(a) states:

All claims against a decedent's estate which arose before the death of the decedent, including claims of the State and any subdivision thereof, whether due or to become due, absolute or

2

Ms. Giddings provides that Ms. Doe filed her case over fourteen months after the date of Trooper Giddings death and served Ms. Giddings over nineteen months after the date of Trooper Giddings' death.

Ms. Doe contends that her claim is not barred because Section 2102(a) is akin to a statute of limitations and can be waived. Ms. Doe argues that Ms. Giddings waived Section 2102(a) as an affirmative defense by failing to assert Section 2102(a) in her answer or file a motion after being served with Ms. Doe's complaint. Ms. Doe also claims Ms. Giddings waived Section 2102(a) as a defense by litigating this case for over four years and participating in the discovery process.

Ms. Giddings counters by contending that Section 2102(a) is a statute of repose. As a statute of repose, Ms. Giddings argues that Section 2102(a) cannot be waived and does not need to be asserted as a defense.

### FACTUAL BACKGROUND

On March 19, 2009, a security employee at the JC Penny store in the Christiana Mall stopped Ms. Doe for shoplifting. At the time, Ms. Doe was subject to an outstanding *capias*. After about 45 minutes, Trooper Giddings arrived at the location and took Ms. Doe into custody. Trooper Giddings placed Ms. Doe in the rear of his police car and drove to several locations in the parking lot of the mall. Ms. Doe alleges that at the third location Trooper Giddings got out of the police car, opened the rear door and placed her hand on his genitals.

---

contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, except debts of which notice is presumed pursuant to § 2103 of this title, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative and the heirs and devisees of the decedent unless presented as provided in § 2104 of this title within 8 months of the decedent's death whether or not the notice referred to in § 2101 of this title has been given.

According to Ms. Doe, Trooper Giddings then drove to a remote area near the mall parking lot. Ms. Doe alleges that at that point, Trooper Giddings told Ms. Doe that he would let her go home if she did something for him in return. Ms. Doe alleges that Trooper Giddings said that if she did not accede to his demands, he would have to take her to court and she would have to spend the weekend in jail. Ms. Doe alleges that this coerced her into performing oral sex on Trooper Giddings in the front seat of the police car. Afterwards, Trooper Giddings drove Ms. Doe home and told her to turn herself in on the *capias*.

Ms. Doe later reported the incident to a Delaware State Police Sergeant. This Sergeant then investigated and eventually arrested Trooper Giddings on charges of sexual extortion (11 *Del. C.* § 776), receiving a bribe (11 *Del. C.* § 1203) and official misconduct (11 *Del. C.* § 1211). Shortly thereafter, on May 26, 2009, Trooper Giddings committed suicide. Ms. Giddings, Trooper Giddings' wife, was appointed administrator of the Giddings Estate on July 10, 2009.

On August 18, 2010, Ms. Doe filed a complaint in this Court, naming Ms. Giddings, as the administrator of the Giddings Estate, and the State as defendants. Ms. Doe alleges that the Giddings Estate is liable because Trooper Giddings' conduct constituted assault, battery and rape. Ms. Doe seeks damages against the State, alleging that the Delaware State Police is an agency of the State and that Trooper Giddings was acting under his authority as a State Trooper. Ms. Doe seeks to hold the State liable for Trooper Giddings' conduct under principles of agency and/or the doctrine of *respondeat superior*.

At the hearing on the Motion, Ms. Giddings' counsel represented that the Giddings Estate has little to no assets. Moreover, Ms. Giddings' counsel informed the Court that the Giddings Estate remains open and has made no distributions to heirs/beneficiaries. The Court notes that

4

Ms. Giddings filed an answer to Ms. Doe's complaint on April 21, 2011, and that the answer does not assert, or otherwise plead, Section 2102(a) as an affirmative defense.

Ms. Doe died on January 28, 2015. As of the date of this Opinion, the Court has not been advised that a representative of the estate of Ms. Doe will be substituted as a party.

## STANDARD OF REVIEW

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[4] Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[5] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[6] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[7] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for resolution by the ultimate fact-finder.[8]

---

[4] *Merrill v. Crothall-Am. Inc.,* 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* 312 A.2d 322, 325 (Del. Super. 1973).
[5] *See Merrill,* 606 A.2d at 99-100; *Dorr-Oliver,* 312 A.2d at 325.
[6] *See Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1962). *See also Cook v. City of Harrington,* 1990 WL 35244, at *3 (Del. Super. Feb. 22, 1990) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances." (citing *Ebersole,* 180 A.2d 467)).
[7] *See Moore v. Sizemore,* 405 A.2d 679, 680 (Del. 1979) (citing *Ebersole,* 180 A.2d at 470).
[8] *See Brzoska v. Olson,* 668 A.2d 1355, 1364 (Del. 1995).

5

*Section 2101(a) Is A Claims Made Statute That Bars Ms. Doe's Claims.*

Ms. Doe and Giddings Estate disagree about whether Section 2102(a) is a statute of limitations or a statute of repose. When interpreting a statute, a court must first decide whether the statute is ambiguous.[9] If a statute is unambiguous, then the plain meaning controls.[10] Here, the text of the statute says: "All claims against a decedent's estate . . . , if not barred earlier by other statute of limitations, are barred against the estate . . . unless presented . . . within 8 months of the decedent's death . . . ."[11] The phrase "if not barred earlier by other statute of limitations" suggests that Section 2102(a) is in fact a statute of limitations. In addition, Section 2102 is titled "Limitations on claims against estates," further suggesting that this is a statute of limitations. The difficulty lies in determining what the General Assembly meant when it used the phrase "statute of limitations." The definition of "statute of limitations" has changed over the past few decades.[12] Simply because the phrase "statute of limitations" was used does not necessarily mean that the statute is a statute of limitations.[13]

---

[9] *See Chase Alexa, LLC v. Kent County Levy Court*, 991 A.2d 1148, 1151 (Del. 2010) ("The rules of statutory construction are designed to ascertain and give effect to the intent of the legislators, as expressed in the statute. First, the Court must determine whether the statute is ambiguous, because if it is not, then 'the plain meaning of the statutory language controls.' The fact that the parties disagree about the meaning of the statute does not create ambiguity. Rather, a statute is ambiguous only if it is reasonably susceptible of different interpretations.").

[10] *See id.*

[11] 12 *Del. C.* § 2102(a).

[12] *See CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2185 (2014), *reh'g denied*, 135 S. Ct. 23 (2014) ("While the term 'statute of limitations' has acquired a precise meaning, distinct from 'statute of repose,' and while that is its primary meaning, it must be acknowledged that the term 'statute of limitations' is sometimes used in a less formal way. In that sense, it can refer to any provision restricting the time in which a plaintiff must bring suit.").

[13] *See id.*

The Court of Chancery has drawn a distinction between Section 2102(a) and "general" statutes of limitations.[14] According to the Court of Chancery, the purpose of a general statute of limitations is to "avoid stale claims," while the purpose of Section 2102(a) is to allow estates to settle and close "within a reasonable amount of time."[15] The Superior Court in *Dellaversano v. Estate of DiSabatino* commented in a footnote that Section 2102(a) was "akin" to a statute of repose that cannot be waived or used as an affirmative defense.[16]

While the language of Section 2102(a) suggests that the statute is a statute of limitations and not a statute of repose, the Court is persuaded by the holding in *Cummings v. Estate of Lewis* that Section 2102(a) terminates an estate's capacity to be sued.[17] The *Cummings* Court characterizes Section 2102(a) as a "non-claim" statute and not a statue of limitations or a statute of repose. The *Cummings* Court, relying on previous decisions, notes that the purpose of Section 2102(a) is to

> compel claimants with demands against a decedent's estate other than those of which the personal representative is required to take notice, to present their claims within the specified time, and when the claims are rejected, to seek prompt enforcement thereof, so that the decedent's estate can be settled within a reasonable time.[18]

The *Cummings* Court goes on to state that Section 2102(a) "terminates" an estate's capacity to be sued eight months after the death of a decedent unless the suing party submits the claim or

---

[14] *See Cummings v. Estate of Lewis*, No. 6948-VCP, 2013 WL 2987903, at *4 (Del. Ch. June 17, 2013); *Estate of Holton*, No. 4682, 1976 WL 5206, at *2 (Del. Ch. Aug. 17, 1976) ("The legislative purpose behind 12 Del. C. § 2102(a) is therefore distinguishable from that of a general statute of limitations which merely seeks to avoid stale claims. Prompt distribution of the assets of the estate is the ultimate goal of the statute.").

[15] *Holton*, 1976 WL 5206 at *2.

[16] *See Dellaversano v. Estate of DiSabatino*, No. 98C-10-002-WTQ, 1998 WL 960702 (Del. Super. Dec. 23, 1998) ("The statute here is a nonclaim statute which bars the claim forever if not filed in a timely manner. It is thus akin to a statute of repose which need not be pleaded as an affirmative defense, may not be waived, and may be raised at any time." (internal citation omitted)).

[17] *Cummings*, 2013 WL 2987903, at *4.

[18] *Id.* (quoting from *Estate of Holton*, 1976 WL 5206, at *2) (internal quotations omitted).

7

potential claim before the eight months expires.[19] In addressing what termination of the estate's capacity to be sued means, the Cummings Court explained that if a claim arises before the decedent's death, the claimant must present that claim within eight months or "be forever barred in proceeding against the decedent's estate."[20]

The equities here clearly favor Ms. Doe. Ms. Doe's claims for liability against Ms. Giddings, as the administrator of the Giddings Estate, appear strong. Despite knowing that Ms. Doe filed her suit more than eight months after Trooper Giddings' death, Ms. Giddings has actively litigated this matter for over three and one half years and only recently asserted a defense under Section 2102(a). Finally, the Court understands that the Giddings Estate remains open, has not otherwise been settled, or that any distributions have been made from the Giddings Estate. So, the conduct of Ms. Giddings, and her counsel, has hardly advanced the "purpose" of Section 2102(a) by failing to act before filing the Motion on July 28, 2014 – almost four years after this civil action was commenced on August 18, 2010. The Court, however, recognizes the reasoning and rationale as to why the *Cummings* Court held Section 2102(a) to be a "non-claim" statute and will follow the holding of that court here.

The Court holds that there are no genuine issues as to any material facts and that Giddings Estate is entitled to judgment as a matter of law. Trooper Giddings died on May 26, 2009. Ms. Giddings was appointed the administrator of the Giddings Estate on July 10, 2009. Ms. Doe initiated this action against Ms. Giddings, as administrator of the Giddings Estate, on August 18, 2010. As such, Ms. Doe initiated this civil action more than fourteen months after the death of Trooper Giddings. Prior to initiating this civil action, Ms. Doe did not otherwise

---

[19] *Id.*
[20] *Id.*

file a claim in the Giddings Estate.  Under these facts, Section 2102(a) terminated the capacity of Trooper Giddings' estate, *i.e.,* the Giddings Estate, to be sued by Ms. Doe.

## CONCLUSION

Based on the above arguments, viewing the evidence in the light most favorable to the non-moving party, the Motion is **GRANTED.**  The Court enters **JUDGMENT** in favor of Giddings Estate on all claims asserted by Ms. Doe in this civil action.

**IT IS SO ORDERED**.

/s/ *Eric M. Davis*
Eric M. Davis
Judge

9